

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS

## AUSTIN

GERALD C. MANN
ATTORNEY GENERAL

Honorable H. A. Hodges
County Auditor
Williamson County
Georgetown, Texas

Dear Sir:

Opinion No. O-5015
Re: Costs in criminal cases--
sheriffs and constables--
mileage and release fees--
jails.

Your request for opinion has been received and carefully considered by this department. We quote from your request as follows:

". . . .

"1. Are the mileage fees allowed the Sheriff, or Constable in Misdemeanor cases considered as costs and to be added to the fine to arrive at the total Fine and Costs?

"2. When an arrest is made by the State Police and the defendant placed in Jail in an adjoining Town within the County is the mileage allowed the Sheriff, or Constable, to be added to the costs and paid by the defendant, also is the release fee of $1.00 to be added and paid by the defendant?

"3. When a defendant is committed to Jail does the law intend that it be the Jail at the County Seat, or would it permit the time to be served in another Jail within the County which the County leases a portion or owns an interest?"

You have also given us further information relative to this matter as follows:

"The Defendant was arrested by the State Highway Patrolmen; Made without warrant; Found on the

---

NO COMMUNICATION IS TO BE CONSTRUED AS A DEPARTMENTAL OPINION UNLESS APPROVED BY THE ATTORNEY GENERAL OR FIRST ASSISTANT

Honorable H. A. Hodges, Page 2

open Highway driving while drunk; Was placed in the City Jail at Taylor until the Sheriff could convey him to the Jail in Georgetown; Was not tried in the Justice Court in Taylor, brought to Georgetown for trial in the County Court; Plead guilty and paid a Fine of $14.00, being fine and costs without the mileage going and returning by the Sheriff; The Sheriff was notified by Phone by the Patrolmen that they had placed him in Jail at Taylor for him to convey to Georgetown, therefore did not have a Court order or process to carry the defendant from Taylor to Georgetown.

"The County pays the City of Taylor $200.00 per annum for the use of any number of cells to safekeep the prisoners until conveyed to the Jail at the County Seat, which is Georgetown. Some months only one cell will be used, again it may be several, however the general custom with the officials in charge is to place the County prisoners in the jail with the City prisoners, that is, not segregate them in special cells designated to the County.

". . . ."

Title 15, Vernon's Annotated Texas Code of Criminal Procedure, is styled "Costs in Criminal Actions". Chapter 4 of Title 15 is styled "Costs to Be Paid By Defendant". Article 1065, V. A. C. C. P., contained in Chapter 4 of Title 15, reads in part as follows:

"The following fees shall be allowed the sheriff, or other peace officer performing the same services in misdemeanor cases, to be taxed against the defendant on conviction:

". . . .

"5. For each commitment or release, one dollar.

". . . .

"9. For conveying a prisoner after conviction to the county jail, for each mile, going and coming, by the nearest practicable route by private conveyance, ten cents a mile, or by railway, seven and one-half cents a mile.

".  .  .  .

"11. For each mile he may be compelled to travel in executing criminal process and summoning or attaching witness, seven and one-half cents. For traveling in the service of process not otherwise provided for, the sum of seven and one-half cents for each mile going and returning. If two or more persons are mentioned in the same writ, or two or more writs in the same case, he shall charge only for the distance actually and necessarily traveled in the same. (Acts 1923, p. 406.)"

Article 1011, V. A. C. C. P., provides that no item of costs shall be taxed for a purported service which was not performed, or for a service for which no fee is expressly provided by law.

The case of Ex parte Griffis, 145 S. W. (2) 192, Texas Court of Criminal Appeals, construes that portion of Section 5 of Article 1065, V. A. C. C. P., which provides a $1.00 release fee. We quote from Presiding Judge Hawkins' opinion in the Ex parte Griffis case as follows:

"As we understand the statute the 'release' for which the sheriff or constable may have the item of one dollar charged against an accused is the 'release' from the judgment directing that he remain in the officer's custody until the fine and costs are paid.

"If relator had been placed in custody of the constable until the fine and costs were paid, and the constable had agreed that relator might go at large and pay same by installments, he could not defeat the charge of one dollar for 'release' because the constable had favored him with the courtesy mentioned. (We are not discussing or considering the right of the officer to make such an agreement.)

"The issue as to whether relator was properly chargeable with the one dollar for 'release' turns upon the question of whether relator was ever in the constable's custody under the judgment. Relator and his friend Mr. Gobler, who was also arrested for speeding and given a ticket at the same time as relator, both testified upon the habeas corpus hearing that the constable was not with the highway patrolmen when the detention occurred on March 18th. Neither of the patrolmen testified. Both relator and Mr. Gobler testified in substance that the constable was not present when the pleas of guilty were entered in the justice court. It will be remembered that the arrests occurred on March 18th; the pleas of guilty were entered in the justice court about March 20th or 21st. The habeas corpus hearing was on October 14th. The testimony of the constable on the habeas corpus hearing seems to make it clear that relator was never placed in his (the constable's) custody to enforce the judgment. He testified: 'The only time I have ever seen him (the relator) since March 18, 1939, up to the present was on Saturday of this month, on the 12th I believe it was. I had not seen him over that period of time.' If the constable had not seen relator between March 18 and October 12 it seems certain that he did not take custody of relator at the time and by virtue of the judgment under the plea of guilty.

"Article 1011, C. C. P., reads: 'No item of costs shall be taxed for a purported service which was not performed, or for a service for which no fee is expressly provided by law.'

"If the constable never had custody of relator under the judgment he could not release him from a custody which he never had. Therefore, we conclude that relator was improperly held for payment of the one dollar in question."

We also enclose herewith for your information opinion No. O-1189 of this department which deals with release fees under various fact situations.

We answer your first question in the affirmative.

Under the facts stated with reference to your second question the defendant was arrested by State Highway Patrolmen for a county court misdemeanor and was placed in jail at Taylor. You state that the State Highway Patrolmen requested the sheriff by telephone to take the defendant to the county jail at Georgetown for trial in the county court. It also appears that this transportation occurred prior to the defendant's conviction. Section 9 of Article 1065, V. A. C. C. P., supra, which allows the sheriff or constable ten cents per mile for transporting prisoners after conviction would not apply here. Nor would Section 11 allowing seven and one-half cents per mile for executing criminal process apply because under the facts stated the sheriff had no warrant or other legal process—he transported the prisoner prior to conviction merely on the request of the State Highway Patrolmen. Such request can not be held in law to constitute "legal criminal process". It is our opinion under the facts stated that the sheriff would not be entitled to anything for transportation of the prisoner from Taylor to Georgetown as same was done prior to conviction and was not service of any duly and legally authorized criminal process.

It is true that Article 1030, V. A. C. C. P., provides, among other things, certain mileage fees for sheriffs and other peace officers in going to place of arrest and for conveying prisoners to jail before conviction in felony cases. Such Article of course would not apply here to a county court misdemeanor case. The failure of the statutes applicable to misdemeanor cases to allow a fee for transporting prisoners prior to conviction under the circumstances outlined in your letter may work a hardship on officers but the remedy is with the Legislature.

The answer to that phase of your second question with reference as to whether the sheriff would be entitled to a release fee will depend upon all of the facts involved. If the defendant was convicted and if the sheriff had him in his custody and released him from a judgment restraining him then he would be entitled to a release fee. If he did not he would not be entitled to a release fee. See Ex parte Griffis, supra.

Opinion No. O-2201 of this department holds that a county may lawfully build and maintain more than one jail; that it is not necessary that all of the county jails be located at the county seat; that the commissioners' court has no authority to enter into a contract with a city and expend county funds for the construction and equipment of a so-called city-county jail. We enclose herewith a copy of said opinion.

In answer to your third question it is our opinion that the county may lawfully build and maintain more than one jail; that it is not necessary that all of the jails be located in the county seat and that it is lawful to place county prisoners in county jails other than at the county seat.

Very truly yours

ATTORNEY GENERAL OF TEXAS

By     Wm. J. Fanning

Wm. J. Fanning
Assistant

WJF:ap
Encl.

APPROVED FEB 9, 1943

Gerald C. Mann

ATTORNEY GENERAL OF TEXAS

APPROVED
OPINION
COMMITTEE
BY _____
CHAIRMAN